

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 30, 1977

The Honorable Bob Bullock            Opinion No. H-1063
Comptroller of Public Accounts
State of Texas                       Re:  Audit authority of the
Austin, Texas 78774                  Comptroller.

Dear Mr. Bullock:

 You seek our opinion as to whether you possess audit authority under various statutes.  Article 4344, V.T.C.S., provides:

> Among other duties the Comptroller shall:
>
> . . . .
>
> 3. Superintend the fiscal concerns of the State, as the sole accounting officer thereof, and manage the same in the manner required by law.

Article 1.03, Taxation-General, provides:

> The Comptroller shall have power at any time to examine and check up all and any expenditures of money appropriated for any of the state institutions or for any other purpose or for improvements made by the State on State property or money received and disbursed by any board authorized by law to receive and disburse any State money.  The Comptroller shall also have power and authority and it is hereby made his duty, to fully investigate any State institution when so directed by the Governor or required by information coming to his own knowledge.  He shall investigate the manner of conducting the same and the policy pursued by those in charge thereof, and the conduct or efficiency of any person employed therein by the State.  He shall examine into and report upon the

> character and manner as well as the amount
> of expenditures thereof, and investigate
> and ascertain all sums of money due the
> State from any source whatever, the ascer-
> tainment and collection of which does not
> devolve upon other officers of this State
> under existing law; and he shall report all
> such facts to the Governor.  When the Comp-
> troller, acting under the direction of the
> Governor, calls on any person connected
> with the public service to inspect his
> accounts, records or books, said person
> so called upon shall submit to said agent
> all books, records and accounts so called
> for without delay.

In addition you call our attention to the following pro-
vision contained in both the 1975 and 1977 appropriations acts.

> AUDITS.  None of the appropriations herein
> made shall be used to employ any firm or per-
> son to audit the books of any department,
> board, commission, institution or State agency,
> this being the duty of the State Auditor. . . .

> . . . .

> Notwithstanding other provisions of this
> Act, any state agency providing grants or
> operating funds for governmental programs to
> local governmental units, private corporations,
> or other organizations other than a state agency
> or a department, may require, as a condition to
> granting or providing such funds, that the re-
> ceiving entity have a yearly independent audit
> performed and transmitted to the state agency.
> If sufficient personnel are available, the
> state agency may have its internal audit staff
> make a yearly inspection visit to the local
> entity.

General Appropriations Act, Acts 1975, 64th Leg., ch. 743, at
2860 - 2861.  General Appropriations Act, 65th Leg., art. V,
§ 30.

In essence, you inquire whether these provisions authorize
the Comptroller to exercise auditing authority over State agencies,
and if so, how certain practical problems with respect to such
audit authority should be resolved.  We note that you inquire

about the kind of investigation the Comptroller may make on his own motion, and not an investigation made at the Governor's request.  Consequently, we do not address the Comptroller's authority when acting on the Governor's command.

Although article 1.03 has been modified on various occasions, the basic language of the statute was enacted in 1899. Acts 1899, 26th Leg., ch. 23, at 26.  The office of State Auditor was created 30 years later and was vested with broad auditing powers.  Acts 1929, 41st Leg., 1st called session, ch. 91, at 222.  See also Acts 1943, 48th Leg., ch. 293, at 429.

We believe the Legislature has manifested its intent over the years that the function of auditing other agencies belongs to the State Auditor.  For example, the Legislature which created the Office of State Auditor did not interpret article 1.03 as providing the Comptroller with broad power to audit other agencies.  The emergency clause of the 1929 Act establishing the Auditor's office and duties provided:

> The fact that there is now no State Auditor and no official designated to audit and investigate the custodians of public funds and the various departments of the State Government create an emergency. . . .

Acts 1929, 41st Leg., 1st called session, ch. 91, at 225. (Emphasis added).  Additionally the appropriations act rider quoted above clearly indicates the legislative understanding that the basic audit authority is vested in the State Auditor. The interpretation of a statute by a subsequent Legislature is not controlling, but it is entitled to great weight.  Texas-Louisiana Power Co. v. City of Farmersville, 67 S.W.2d 235 (Tex. Comm'n. App. 1933, jdgmt adopted); Neff v. Elgin, 270 S.W. 873 (Tex. Civ. App. -- San Antonio 1925, writ ref'd).

In 1948, the Attorney General addressed the effect the creation of the State Auditor's Office had on other state officers who had statutory authority to conduct audits.  The statute involved in that opinion was article 4400 which authorized the Attorney General to make a monthly inspection of the accounts of the Comptroller and Treasurer.  Letter Opinion R-1404 (1948) at 6 concluded:

> It is apparent . . . that the duties imposed upon the State Auditor and Efficiency Expert by the Act of 1929 and upon the State Auditor by the Act of

1943 included the duties imposed upon
the Attorney General by the first sentence
in Article 4400.  It is our opinion the
effect of these Acts was to repeal the
above-mentioned sentence by implication.

Accordingly, we believe that the 1929 and 1943 legislation removed any independent authority the Comptroller might have previously had to initiate investigations and examinations of the books and records of state agencies when those activities would duplicate or parallel the duties of the State Auditor. As far as we can determine, this interpretation has not been questioned by prior Comptrollers.  We believe this determination is reflected in the rider which prohibits agencies from expending state funds for activities which are the responsibility of the Auditor.  See Attorney General Opinion M-1199 (1972) where the same rider was held to be valid.

### S U M M A R Y

The Comptroller of Public Accounts is not
authorized to conduct audits of other state
agencies when such audits would parallel
or duplicate the duties of the State Auditor.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst